UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD ERIC KANDELL,<br><br>    Plaintiff,<br><br>v.<br><br>SUR 702, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-00248-APG-EJY<br><br>**Order and**<br><br>**REPORT AND RECOMMENDATION**<br>ECF Nos. 1, 1-1 |

Pending before the Court is Plaintiff's *in forma pauperis* application and Complaint. ECF Nos. 1 and 1-1. Plaintiff's application to proceed *in forma pauperis* is complete and granted below.

**I.     SCREENING THE COMPLAINT**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). However, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A federal court must dismiss a plaintiff's claim if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). The court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In making this determination, the court treats all material factual allegations as true and construes these facts in the light most favorable to the non-moving party. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.     DISCUSSION**

    A.     <u>Background Facts</u>.

Plaintiff asserts various claims under several federal and state statutes against Defendants SUR 702, Westcorp Management Group One Inc., Robert Weidauer, and LV Torrey Pines LLC. ECF No. 1-1. Plaintiff alleges that on or about August 28, 2020, the SUR 702[1] property manager ("Property Manager") threw away Plaintiff's resume and refused to consider Plaintiff for employment stating he was "too gay." *Id.* at 7. This is the only allegation Plaintiff makes in support of his employment discrimination claim.

Plaintiff also includes several allegations about the apartment in which he resides and the way he is treated by the Property Manager. Plaintiff says the apartment has a leaky bathtub, a broken sink, is covered in stains, and contains broken tiles. *Id.* at 7-11. Plaintiff further alleges the Property Manager, acting on behalf of Defendants, towed his car from his assigned parking space without providing prior notice and demanded medical records to support Plaintiff's need for a service animal. *Id.* at 7-8. When Plaintiff refused to provide medical records, he was charged a $300 support fee.

---

[1] Plaintiff rents a unit from SUR 702, an apartment complex located in Las Vegas.

2

*Id.* at 8. Plaintiff says he suffered trauma and emotional distress as a result of these unlawful actions by Defendants. *Id.*

Plaintiff further alleges Property Management attempted to intimidate him by leaving nooses outside his apartment on three consecutive days, slashing his tires, and cornering him outside of the leasing office. *Id.* at 9. Though Plaintiff does not explicitly state the Property Manager tampered with his smoke detector, Plaintiff claims an electrical fire occurred in his apartment on June 17, 2021, the smoke alarm did not go off, and the fire department was not dispatched. *Id*. Plaintiff claims that due to these actions, including issuing thirty-seven eviction notices to Plaintiff, he suffered psychogenic epilepsy and lives in a constant state of fear and anxiety. *Id.* at 5. Plaintiff says this has been going on since August 2020. *Id.* at 7. Plaintiff further claims he has been unable to use the property amenities and felt "stranded" in his apartment from August 24, 2020, until the present due to the alleged harassment. *Id.* at 9.

Plaintiff alleges Defendants violated his rights under Title VII of the Civil Rights Act of 1964 (Employment Discrimination), Title VIII of the Civil Rights Act of 1964 (the Fair Housing Act), the "FEAR" Act, 18 U.S.C. § 1621, 18 U.S.C. § 650, and 18 U.S.C. § 249. *Id.* at 3. Plaintiff seeks $812,639.69 in damages. *Id*. at 5.

   B. <u>The Court Recommends Plaintiff's Claims under the "FEAR" Act, 18 U.S.C. § 249, 18 U.S.C. § 1621, and 18 U.S.C. § 650 Be Dismissed With Prejudice.</u>

Plaintiff brings a claim under the "FEAR Act," which the Court construes as a claim under the Notification and Federal Employee Antidiscrimination and Retaliation Act of 2002 (the "No FEAR Act"). The No FEAR Act "requires that federal agencies repay any discrimination or whistleblower damage awards out of agency funds rather than the General Fund of the Treasury." *Esparza v. Perdue*, 2019 WL 13254176, at *3 (N.D. Cal. June 17, 2019). Plaintiff is a private citizen, not employed by or alleging any wrongdoing by a federal agency. For this reason, the Court recommends Plaintiff's No FEAR Act claim be dismissed with prejudice.

Plaintiff's claims under 18 U.S.C. § 249, 18 U.S.C. § 1621, and 18 U.S.C. § 650 fail because these claims lack any basis in law or fact. Plaintiff cannot bring a civil action based on the violation of a criminal statute (18 U.S.C. §§ 1621 and 650) and the Hate Crime Prevention Act (18 U.S.C.

3

§ 249) lacks a private right of action.[2]  Because Plaintiff cannot state a cause of action based on violations of these statutes, the Court recommends these claims be dismissed with prejudice.

      C.    <u>The Court Recommends Plaintiff's Employment Discrimination Claim Be Dismissed Without Prejudice.</u>

Before bringing a Title VII Employment Discrimination claim, a plaintiff must exhaust available administrative remedies by filing an EEOC complaint. 42 U.S.C. § 2000e-5(f)(1); *see also Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001) ("[T]o bring a Title VII claim in district court, a plaintiff must first exhaust [his] administrative remedies.").  Plaintiff does not allege he filed a charge of discrimination with the EEOC or that he has ever been in contact with the EEOC. Plaintiff does not allege he was issued a right-to-sue letter.  In sum, Plaintiff fails to allege facts sufficient to demonstrate his employment discrimination claim is properly before the Court.  The Court recommends Plaintiff's employment discrimination claim be dismissed without prejudice, but with leave to amend so that Plaintiff may demonstrate exhaustion of his administrative remedies.

      D.    <u>The Court Recommends Plaintiff's NRS 118A.290 Claims Be Dismissed Without Prejudice.</u>

The Court liberally construes Plaintiff's allegations regarding the condition of his apartment as asserting a claim under NRS 118A.290.  This statute states that a "landlord shall at all times … maintain the dwelling unit in a habitable condition. A dwelling unit is not habitable if it violates provisions of housing or health codes concerning the health, safety, sanitation or fitness for habitation of the dwelling unit or if it substantially lacks" waterproofing, plumbing, water, heating, electricity, air conditioning, and other similar standards.  *Id.*; *see also Bour Enterprises, LLC v. 4520 Arville*, 516 P.3d 1112 (Table), 2022 WL 4298636, at *1 (Nev. 2022).  To assert a claim under NRS 118A.290, a complainant must "deliver a written notice to the landlord specifying each failure by the landlord to maintain the dwelling unit in a habitable condition and requesting that the landlord

---

[2] 18 U.S.C. § 249, or the Hate Crime Prevention Act, "pertains to a criminal charge [and] does not provide a private cause of action." *Smith-Jeter v. Artspace Everett Lofts Condominium Ass'n*, 2016 WL 898543, at *12 (W.D. Wash. Mar. 9, 2016), *aff'd*, 689 Fed. Appx. 862 (9th Cir. 2017). 18 U.S.C. § 1621 is "the criminal statute for perjury… [and] does not create a private right of action." *GwanJun Kim v. Grand Valley State Univ.*, 2017 WL 8294004, at *1 (6th Cir. Dec. 22, 2017). 18 U.S.C. § 650 is a criminal statute and does not create a private right of action. *See Boyd v. Wilmington Trust Co.*, 630 F. Supp. 2d 379, 385 (D. Del. 2009) (no private civil right of action under 18 U.S.C. § 650).

remedy the failures." NRS 118A.355. Completing this requirement, along with a failure of the landlord to fulfill its obligations to address the tenant's habitability concerns, unlocks statutory remedies, such as the recovery of actual damages. *Id.*

Unfortunately, the haphazard nature of Plaintiff's asserted facts leaves the Court unclear what steps Plaintiff took to remedy the problems with his apartment and what response, if any, he received from Defendants. Because of this lack of clarity, the Court finds Plaintiff does not plead sufficient facts to establish a claim under NRS 118A.290. For this reason, the Court recommends Plaintiff's claim under NRS 118A.290 be dismissed without prejudice and with leave to amend.

      E.      <u>Plaintiff's Fair Housing Act Claims Fail.</u>

Plaintiff contends Defendants discriminated against him because of his "sexuality" and his disability in violation of the Fair Housing Act ("FHA"). Plaintiff does not plead sufficient facts to state these claims.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(d)(1) further requires "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The purpose of Rule 8 is to enable the Court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal citation omitted). To state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *Id.* at 678-79. Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (internal citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Twombly*, 550 U.S. at 555. A formulaic recitation of the elements of a cause of action is insufficient. *Id.* A liberal construction of a complaint filed *pro so* may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. National Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997), *quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Courts "apply Title VII discrimination analysis in examining Fair Housing Act ("FHA") discrimination claims." *Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997). "Thus, a plaintiff can establish an FHA discrimination claim under a theory of disparate treatment, … or disparate impact." *Id.* at 304-05 (citation omitted).

*1.     Sexual Orientation Discrimination.*

The Court notes that since February 2021, the Department of Housing and Urban Development ("HUD") has interpreted the FHA to prohibit housing discrimination based on sexual orientation. *See School of the Ozarks, Inc. v. Biden*, 41 F.4th 992, 995 (8th Cir. 2022); *see also* Exec. Order No. 13988, 86 Fed. Reg. 7023, 7023 (Jan. 20, 2021). However, Plaintiff's claim of sexual orientation discrimination does not "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. First, and perhaps most importantly (although it could be inferred), Plaintiff never states he is a member of the LGBTQ+ community. Hence, the Court does not have sufficient facts to ascertain whether Plaintiff is a member of this protected class. Second, Plaintiff references two events that comprise alleged evidence of discrimination. Specifically, Plaintiff references one occasion in which a friend of Plaintiff's neighbor overheard the Property Manager say "I am going to get my way with this fag" after handing Plaintiff an eviction notice. ECF No. 1-1 at 9. Plaintiff further states it took four maintenance requests for a technician to fix his leaky bathtub, a delay Plaintiff contends was based on discriminatory animus towards his "sexuality." *Id.* at 9-10.

The derogatory comment, while certainly strongly suggesting discriminatory animus based on sexual orientation, is insufficient to state a claim. The law is clear with respect to discrimination that single events rarely are sufficient to demonstrate a violation of federal anti-discrimination laws. *See Fried v. Wynn Las Vegas, LLC*, 18 F.4th 643, 648 (9th Cir. 2021) ("A single incident of harassment can support a claim of hostile work environment … but for a single incident to suffice, it 'must be extremely severe.'"), *citing Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000); *see also Manatt v. Bank of America, NA*, 339 F.3d 792 (9th Cir. 2003) (holding that multiple racially charged comments made to a female Chinese-American employee, while offensive and insensitive, did not rise to the level of a Title VII violation); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 643-44 (9th Cir. 2003) (holding a coworker's isolated remarks, six months apart, that an employee

had "a typical Hispanic macho attitude" and "should consider transferring to the field because 'Hispanics do good in the field'" were not severe enough to pass muster under the provisions of Title VII).

Here, while the Court acknowledges the offensive nature of the comment purportedly made by the Property Manager, the facts pleaded in the Complaint are not enough to state a claim of discrimination based on sexual orientation or sexuality. The derogatory comment was not made directly to Plaintiff, but was allegedly made to a third party, who then informed Plaintiff of what was said. Offensive comments not made directly to a complainant weigh heavily against a finding of discrimination. *See Howard v. Cook County Sheriff's Off.*, 989 F.3d 587, 603 (7th Cir. 2021) ("[W]e have repeatedly rejected hostile work environment claims that rest primarily on secondhand harassment.") (collecting cases).

There is no further assertion that the difficulties experienced by Plaintiff at his apartment complex were motivated by sexual orientation animus. Plaintiff's factual allegations do not rise to the level of severity that is required to state a claim of discrimination under the FHA. For these reasons, the Court recommends Plaintiff's sexual discrimination claim under the FHA be dismissed without prejudice and with leave to amend.

   2.   *Disability Discrimination*.

Section 3604 of the FHA prohibits discrimination in the rental of housing based on disability. 42 U.S.C. § 3604(f)(2). Under the statute it is unlawful to discriminate "against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a [disability] of that person." 42 U.S.C. § 3604(f)(2)(A). Such discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a disabled] person equal opportunity to use and enjoy a dwelling … ." 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204.

"The reasonable accommodation inquiry is highly fact-specific, requiring case-by-case determination." *United States v. California Mobile Home Park Management Co.*, 107 F.3d 1374, 1380 (9th Cir.1997) (citations omitted). "The FHA does not demand that housing providers

immediately grant all requests for accommodation." *Bhogaita v. Altamonte Heights Condominium Ass'n, Inc.*, 765 F.3d 1277, 1285-86 (11th Cir. 2014).  A housing provider has "an opportunity to make a final decision…, which necessarily includes the ability to conduct a meaningful review to determine whether the FHA requires the requested accommodation." *Id.* at 1286.  The "housing provider may request reliable disability-related information that (1) is necessary to verify that the person meets the Act's definition of disability …, (2) describes the needed accommodation, and (3) shows the relationship between the person's disability and the need for the requested accommodation." *Overlook Mutual Homes, Inc. v. Spencer*, 415 Fed. Appx. 617, 621 (6th Cir. 2011), *quoting* Joint Statement of HUD and DOJ, "Reasonable Accommodations Under the Fair Housing Act" (May 14, 2004) ("Joint Statement")).  Specifically applicable here is the rule that a housing provider does "not have to deny … [plaintiffs] their emotional support animals in order to 'refuse' a reasonable accommodation." *Revock v. Cowpet Bay West Condominium Ass'n*, 853 F.3d 96, 111 (3d Cir. 2017).  As a matter of law, requiring payment of a pet fee may be sufficient to establish refusal of a reasonable accommodation.[3]

To state a claim of FHA disability discrimination Plaintiff must allege sufficient facts demonstrating: (1) he is disabled "within the meaning of 42 U.S.C. § 3602(h)"; (2) Defendants "knew or should reasonably be expected to know of" Plaintiff's disability; (3) the requested accommodation "may be necessary to afford" Plaintiff "an equal opportunity to use and enjoy the dwelling"; (4) "the accommodation is reasonable"; and (5) Defendants "refused to make the requested accommodation." *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); *see also* 42 U.S.C. § 3604(f)(3)(B).  Plaintiff does not plead facts sufficient to state an FHA disability discrimination claim.

Plaintiff makes various references to suffering from stress, seizures, and epilepsy, and to being in possession of a service animal.  ECF No. 1-1 at 8.  Plaintiff contends an agent of Defendants requested medical records to support Plaintiff's need for his service animal.  ECF No. 1-1 at 8.

---

[3] *Revock*, 853 F.3d at 111 ("As a matter of law, [the housing provider] may have refused a reasonable accommodation by declaring [the plaintiffs] in violation of the 'no dogs' rule, by fining them fifty dollars a day or through undue delay."); *see also Intermountain Fair Hous. Council v. CVE Falls Park, L.L.C.*, 2011 WL 2945824, at *6 (D. Idaho July 20, 2011) ("Requiring such a deposit constitutes a failure to provide the reasonable accommodation of waiving a general pet deposit or no-pet policy.").

8

Plaintiff states he did not provide these records. *Id.* Plaintiff further alleges Defendants allowed the service animal to remain on the property, but because of his decision not to provide medical records Defendants assessed a $300 pet fee on March 3, 2021. *Id.* Though Plaintiff alleges the request to provide medical records caused him to suffer Post Traumatic Stress Disorder, Plaintiff fails to plead facts demonstrating he is disabled within the meaning of applicable law. This failure also leads to no facts demonstrating his use of a service animal is a necessary accommodation to afford him an equal opportunity to use and enjoy his apartment or apartment complex. Because Plaintiff fails to include essential facts necessary to state an FHA disability discrimination claim, the Court recommends dismissing this claim without prejudice and with leave to amend.

### III.    ORDER

IT IS HEREBY ORDERED that Plaintiff's *in forma pauperis* application (ECF No. 1) is GRANTED.

### IV.    RECOMMENDATION

IT IS HEREBY RECOMMENDED that the following claims in Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice as amendment is futile:

1. Claims under the "FEAR Act";
2. Claims under 18 U.S.C. § 249;
3. Claims under 18 U.S.C. § 1621; and
4. Claims under 18 U.S.C. § 650.

IT IS FURTHER RECOMMENDED that Plaintiff's claim under NRS 118A.290 be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that Plaintiff's sexual orientation and disability discrimination claims under the Fair Housing Act be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff chooses to do so, he **must** file an amended complaint no later than **May 22, 2023**. The amended complaint must be titled "FIRST AMENDED COMPLAINT" and must allege all facts and all claims Plaintiff seeks to assert. The

Court cannot refer back to Plaintiff's original Complaint when determining if the amended complaint states a claim.

IT IS FURTHER RECOMMENDED that Plaintiff's failure to timely comply with this Recommendation may result in a further recommendation to dismiss this action in its entirety.

DATED this 20th day of April, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).